UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CR-20713-ALTONAGA

UNITED STATES OF AMERICA

v.

MYRON GUSHLAK,

      **Defendant.**

_____/

## FACTUAL PROFFER

The United States of America and Defendant Myron Gushlak ("Gushlak") agree that at trial the United States would have proven beyond a reasonable doubt the following facts, which pertain to securities fraud in violation of Title 18, United States Code, Section 1348, and which occurred in the Southern District of Florida.

The United States can prove beyond a reasonable doubt that Gushlak is guilty of Count Six of the Indictment. For purposes of this plea and factual proffer, the relevant conduct for the instant offense, pursuant to §1B1.3 (Relevant Conduct), commenced no later than November 2006 and continued through on or about July 2013. Starting in November 2006, Gushlak participated in a securities fraud scheme related to the false registration of a shell company named Entertainment Art, Inc. ("EERT"), the issuance of secretly controlled shares, and the sale of those shares to criminal actors. Gushlak unlawfully enriched himself by making and using false and misleading statements in EERT documents filed with the SEC and provided to others, and to conceal his control over the restricted and purported unrestricted shares of issuers. These shares were then sold for Gushlak's profit.

1

Gushlak recruited straw CEOs[1] to serve as named officers of EERT. Gushlak would inform the straw CEOs that they would have to sign documents from time to time but would have no further role with the company and would be paid a fixed amount when the company was later sold. Gushlak would also recruit persons to serve as straw shareholders[2] of EERT and cause shares to be listed in the names of the straw shareholders, or separate shell companies they controlled.

Gushlak would then file, and cause to be filed, periodic and annual reports with the SEC that falsely and fraudulently described the business purpose and share structure of EERT. The securities filings also gave the false appearance that the straw CEO owned and controlled the restricted shares of the company, had reviewed and agreed with the contents of the reports, and had signed and authorized the filings. The filings also falsely and fraudulently concealed the role of Gushlak. Gushlak directed the straw CEOs to execute agreements and other corporate documents to make it appear that the companies were conducting business in the names of the straw CEOs.

From the sale of EERT, Gushlak directed Furman to send approximately $150,000 by wire transfer on October 22, 2012 to his attorney in Switzerland, which represented proceeds of the crime.

The parties agree that the facts above, which are not all the facts in this case, prove Gushlak's guilt as to Count Six of the Indictment beyond a reasonable doubt. The parties also agree that the property, which constitutes or is derived from proceeds traceable to the offense conduct described in Count Six of the Indictment, securities fraud in violation of Title 18, United States Code, Section 1348, is approximately $150,000 in U.S. Currency.

---

[1] A "straw CEO" is an individual who, in exchange for a promised fee, allowed his name to be listed as a chief executive officer and other positions on corporate paperwork and in public filings.
[2] A "straw shareholder" is an individual who, in exchange for a promised fixed return, gave control of shares listed in his

The parties also agree and stipulate that EERT were issuers of securities and that they had a class of securities registered under Section 12 of the Securities and Exchange Act of 1934 or that were required to file reports under Section 15(d) of the Securities Exchange Act of 1934.

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

Date: 3/3/2025    By: _____
MANOLO REBOSO
ASSISTANT UNITED STATES ATTORNEY

Date: 3/3/2025    By: _____
MICHAEL BRIAN NADLER, ESQ.
ATTORNEY FOR THE DEFENDANT

Date: 3/3/2025    By: _____
MYRON GUSHLAK
DEFENDANT