UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CR-20713-ALTONAGA

UNITED STATES OF AMERICA

v.

MYRON GUSHLAK,

        Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida (this "Office") and the Defendant, Myron Gushlak ("Defendant"), enter into the following agreement:

1. Defendant agrees to plead guilty to Count Six of the Indictment, which charges the Defendant with securities fraud, in violation of Title 18, United States Code, Section 1348.

2. This Office agrees to seek dismissal of the remaining counts of the Indictment, as to this Defendant, after sentencing.

3. Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. Defendant is further aware and understands that the Court is required to

consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that Defendant may not withdraw the plea solely as a result of the sentence imposed.

4. Defendant understands and acknowledges that, as to Count Six, Court may impose a statutory maximum term of imprisonment of up to 25 years, followed by a term of supervised release of up to 5 years. In addition to a term of imprisonment and supervised release, the Court may impose a maximum fine of up to $250,000 or double the gross proceeds, and must order restitution.

5. Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on Defendant. Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If Defendant is financially unable to pay the special assessment, Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for Defendant's failure to pay.

6. The Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning Defendant and Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in

this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that Defendant has assisted authorities in the investigation or prosecution of Defendant's own misconduct by timely notifying authorities of Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The Office, however, will not be required to make these recommendations if Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to or after entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The Office and Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings as to the sentence to be imposed:

    a.    <u>Base Offense Level</u>: Under the applicable Section 2B1.1(a)(1) of the United

3

States Sentencing Guidelines, the base offense level is 7.

  b. <u>Loss</u>: For purposes of Section 2B1.1(b)(1) of the United States Sentencing Guidelines, the loss amount attributable to the Defendant is between $250,000 and $550,000, resulting in an increase of 12 levels.

  c. <u>Sophisticated Means</u>: For purposes of Section 2B1.1(b)(10)(C) of the United States Sentencing Guidelines, the offense involved sophisticated means and the Defendant intentionally engaged in or caused the conduct constituting sophisticated means, resulting in an increase of two levels.

  d. The parties agree that no other enhancements apply.

9. Defendant is aware that the sentence has not yet been determined by the Court. Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by Defendant, this Office, or a recommendation made jointly by Defendant and this Office.

10. Defendant agrees, in an individual and any other capacity, to forfeit, pursuant to 18 U.S.C. § 981(a)(1)(C), to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable

4

to the offense involved in the violation of Title 18, United States Code, Section 1348, as alleged in the Indictment, and to which Defendant is pleading guilty. In addition, Defendant agrees to the forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to, a forfeiture money judgment in the amount of approximately $324,060 in U.S. Currency.

11.     Defendant also agrees to assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of directly forfeitable or substitute assets. This assistance shall include: the Defendant shall transfer the entire forfeiture money judgment sum of $324,060 to the United States within 14 calendar days of Defendant's change of plea hearing; should Defendant not transfer the entire forfeiture money judgment sum of $324,060 to the United States within 14 calendar days of Defendant's change of plea hearing, Defendant shall complete a Financial Disclosure Statement provided by this Office; Defendant shall disclose the existence, nature and location of all assets in which Defendant has or had any direct or indirect financial interest or control, any assets involved in the offense[s] of conviction, and those held by a spouse, nominee, or other third party; Defendant shall take all steps necessary to locate assets, wherever located; Defendant shall agree to the entry of an order enjoining the transfer or encumbrance of assets; Defendant shall transfer assets to the United States by delivery to this Office any necessary and appropriate documentation to deliver good and marketable title to assets; Defendant shall liquidate assets, or complete any task which will result in a payment towards the forfeiture money judgment; and Defendant shall not contest or impede in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

12.     Defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using

5

false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to the United States Sentencing Guidelines § 3E1.1.

13. Defendant agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. Defendant further agrees to waive: any constitutional, legal, and equitable claim or defense to the forfeiture of assets in any judicial or administrative proceeding; any applicable time limits for administrative or judicial forfeiture proceedings; any claim or defense under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; the requirements of Fed. R. Crim. P. 32.2; and any appeal of the forfeiture. Defendant understands that this plea agreement shall serve as a withdrawal of any pending administrative forfeiture claim.

14. Defendant understands and acknowledges that the Court must order restitution for the full amount of the victims' losses pursuant to 18 U.S.C. § 3663A.

15. Defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, Defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that

the Court establishes at sentencing. Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals Defendant's sentence pursuant to Sections 3742(b) and 1291, Defendant shall be released from the above waiver of his right to appeal his sentence.

Defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statutes to which the defendant is pleading guilty are unconstitutional; or (2) the admitted conduct does not fall within the scope of the statutes of conviction.

16. By signing this agreement, Defendant acknowledges that Defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. Defendant further agrees, together with this Office, to request that the Court enter a specific finding that Defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

17. Should Defendant withdraw, or attempt to withdraw, from this plea agreement for any reason, Defendant understands and agrees that any statements made to the government, including any factual statement prepared for submission to the Court in connection with Defendant's guilty plea, will become admissible as evidence and may be introduced affirmatively by the United States against Defendant in any criminal proceeding which may then be in effect or which may at any future time be initiated by the United States.

18. This is the entire agreement and understanding between this Office and Defendant. There are no other agreements, promises, representations, or understandings.

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

Date: 3/3/2025   By: _____
MANOLO REBOSO
ASSISTANT UNITED STATES ATTORNEY

Date: 3/3/2025   By: _____
MICHAEL BRIAN NADLER, ESQ.
ATTORNEY FOR THE DEFENDANT

Date: 3/3/2025   By: _____
MYRON GUSHLAK
DEFENDANT

8