UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20713-CR-ALTONAGA

**UNITED STATES OF AMERICA**

vs.

**MYRON GUSHLAK**,

    Defendant.
_____/

**UNITED STATES OF AMERICA'S UNOPPOSED MOTION FOR
PRELIMINARY ORDER OF FORFEITURE**

Pursuant to 18 U.S.C. § 981(a)(1)(C), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States moves for the entry of a Preliminary Order of Forfeiture against Defendant **MYRON GUSHLAK** ("Defendant") in the above-captioned matter. The United States seeks a forfeiture money judgment in the amount of $224,060[1] in U.S. Currency. In support of this motion, the United States the following factual and legal bases.

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On or about October 10, 2017, a federal grand jury returned an Indictment charging the Defendant in Count 1 with conspiracy to commit securities fraud in violation of 18 U.S.C. § 1349 and in Counts 2 – 6 with securities fraud in violation of 18 U.S.C. § 1348, among other counts.

---

1. As part of the guilty plea, the Defendant agreed to a forfeiture money judgment in the amount of $324,060 in U.S. currency. (*See* Plea Agreement ¶ 10). The United States now seeks a forfeiture money judgment in the amount of $224,060 in U.S. currency, which sum represents $324,060 less $100,000 in U.S. currency applied from co-defendant Yelena Furman's forfeiture.

Indictment [ECF No. 1]. The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. §§ 1348 or 1512, or a conspiracy to commit same, the Defendant shall forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to such violation. (*See id.* at 15-16).

On March 3, 2025, the Court accepted the Defendant's guilty plea to Count 6 of the Indictment. (*See* Minute Entry, [ECF No. 110]; Plea Agreement ¶ 1, [ECF No. 109]). As part of the guilty plea, the Defendant agreed to a forfeiture money judgment in the amount of $324,060 in U.S. currency. (*See* Plea Agreement ¶ 10). In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. (*See* Factual Proffer, [ECF No. 108]).

## II.   MEMORANDUM OF LAW

### A.   Directly Forfeitable Property

Any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of a securities fraud offense is subject to forfeiture. 18 U.S.C. § 981(a)(1)(C).

If a defendant is convicted of such violation, the Court "shall order" the forfeiture of property as part of the sentence. *See* 18 U.S.C. § 981(a)(1); 28 U.S.C. § 2461(c). Criminal forfeiture is governed by the preponderance standard. *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003). Upon finding that property is subject to forfeiture by a preponderance, the Court:

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing

the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Fed. R. Crim. P. 32.2(b)(2)(A).

The Court "must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant," unless entering the order at that time would be "impractical." Fed. R. Crim. P. 32.2(b)(2)(B); *but see McIntosh v. United States*, 601 U.S. 330, 333, 338 (2024) ("district judge's failure to enter a preliminary order prior to sentencing does not deprive a judge of the power to order forfeiture"). And at sentencing, the Court "must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing," and then "include the forfeiture order, directly or by reference, in the judgment." Fed. R. Crim. P. 32.2(b)(4)(B).

If, however, "before sentencing, the court cannot identify all the specific property subject to forfeiture or calculate the total amount of the money judgment," the Court may enter a general order of forfeiture that: "(i) lists any identified property; (ii) describes other property in general terms; and (iii) states that the order will be amended under Rule 32.2(e)(1) when additional specific property is identified or the amount of the money judgment has been calculated." Fed. R. Crim. P. 32.2(b)(2)(C). Under Rule 32.2(e)(1), "the court may at any time enter an order of forfeiture or amend an existing order of forfeiture" when additional, specific property is identified, or to forfeit any substitute property under 21 U.S.C. § 853(p).

CASE NO. 17-20713-CR-ALTONAGA

### B. Forfeiture Money Judgments

A forfeiture order may be sought as a money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A), (2)(A); *see also United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir. 2008) (holding that Federal Rules of Criminal Procedure "explicitly contemplate the entry of money judgments in criminal forfeiture cases"). The forfeiture money judgment is final as to the defendant "[a]t sentencing—or at any time before sentencing if the defendant consents." *See* Fed. R. Crim. P. 32.2(b)(4)(A). No ancillary proceeding is required when forfeiture consists solely of a money judgment. *See* Fed. R. Crim. P. 32.2(c)(1). As additional property is identified to satisfy the forfeiture money judgment, the Court must order the forfeiture of such property. *See* Fed. R. Crim. P. 32.2(e)(1) ("[T]he court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that . . . is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or . . . is substitute property . . . ."); *see also* Fed. R. Crim. P. 32.2(b)(2)(C).

The amount of the money judgment should represent the full sum of directly forfeitable property, regardless of the defendant's ability to satisfy the judgment at the time of sentencing. *See United States v. McKay*, 506 F. Supp. 2d 1206, 1211 (S.D. Fla. 2007) (adopting the majority rule); *see also United States v. Blackman*, 746 F.3d 137, 143-44 (4th Cir. 2014) ("The fact that a defendant is indigent or otherwise lacks adequate assets to satisfy a judgment does not operate to frustrate entry of a forfeiture order."). The Court determines the amount of the money judgment "based on evidence already in the record, including any written plea agreement, and any additional evidence or information submitted by the parties and accepted by the court as relevant and

4

reliable." Fed. R. Crim. P. 32.2(b)(1)(B). The Court in imposing a forfeiture money judgment may rely on an agent's reliable hearsay. *See United States v. Stathakis*, 2008 WL 413782, at *14 n.2 (E.D.N.Y. Feb. 13, 2008). The defendant's money judgment amount can be based on a reasonable estimate on the amount of property subject to forfeiture. *See, e.g., United States v. Roberts*, 660 F.3d 149, 166 (2d Cir. 2011); *United States v. Peithman*, 917 F.3d 635, 651 (8th Cir. 2019); *United States v. Vico*, 2016 WL 233407, at *7 (S.D. Fla. Jan. 20, 2016) (calculation of money judgment does not require mathematical exactitude; district court may make a reasonable extrapolation supported by a preponderance of the evidence).

A defendant's forfeiture money judgment should reflect the property obtained as a result of the offense of conviction. *See* 21 U.S.C. § 853; *accord United States v. Honeycutt*, 581 U.S. 443, 450 (2017) (However, the "mastermind might receive payments directly from drug purchasers, or he might arrange to have drug purchasers pay an intermediary such as the college student. In all instances, he ultimately 'obtains' the property—whether 'directly or indirectly.'") (holding that section 853 does not authorize joint and several liability for property the defendant did not obtain).

The Eleventh Circuit has held that "conspiracy leaders or 'masterminds' who control criminal enterprises jointly acquire the proceeds of the conspiracy with their co-conspirators." *United States v. Elbeblawy*, 839 F. App'x 398, 400 (11th Cir. 2021) (citing *United States v. Cingari*, 952 F.3d 1301, 1305-06 (11th Cir. 2020)); *see also United States v. Knowles*, 819 F. App'x 781, 783 n.1 (11th Cir. 2020) (observing defendant, a "'leader' with decision-making authority and a high degree of participation in the drug conspiracy," directly or indirectly

obtained full proceeds of the conspiracy); *United States v. Bane*, 948 F.3d 1290, 1297-98 (11th Cir. 2020) (finding defendant, the "mastermind behind the fraud," failed to prove he was not responsible for entire proceeds of the fraud); *accord United States v. Young*, 108 F.4th 1307, 1325-28 (11th Cir. J2024). Further, defendants that jointly acquire the proceeds of the crime of which they are convicted should be ordered to forfeit the total amount of the proceeds they jointly acquired. *See United States v. Goldstein*, 989 F.3d 1178, 1202-03 (11th Cir. 2021) (finding that the district court did not err in imposing a $1,953,974 forfeiture money judgment against both convicted defendants because the fraud proceeds were deposited into accounts that both defendants controlled) (citing *Cingari*, 952 at 1306).

    **C.**    **Property Subject to Forfeiture in Instant Criminal Case**

Starting in or around November 2006, the Defendant participated in a securities fraud scheme related to the false registration of a shell company named Entertainment Art, Inc. ("EERT"), the issuance of secretly controlled shares, and the sale of those shares to criminal actors. (*See* Factual Proffer 1). The Defendant unlawfully enriched himself by making and using false and misleading statements in EERT documents filed with the SEC and provided to others, and to conceal his control over the restricted and purported unrestricted shares of issuers. (*See id.*). These shares were then sold for the Defendant's profit. (*See id.*). As part of the sale of EERT by two individuals, for the benefit of the Defendant, on or about October 22, 2012, an interstate wire transfer of $324,060 was received at an account at Sabadell Bank, as payment for the sale of EERT. (*See* Presentence Investigation Report, ¶53). From there, the Defendant directed co-defendant Yelena Furman to send approximately $150,000, to his attorney in Switzerland. (*See id.*).

CASE NO. 17-20713-CR-ALTONAGA

Based on the record in this case, the total value of the proceeds traceable to Count 6 is $324,060 in U.S. currency, which may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and will be reduced by $100,000 in U.S. currency applied from co-defendant Yelena Furman's forfeiture, resulting in a forfeiture money judgment of $224,060 in U.S. currency.

Accordingly, pursuant to 18 U.S.C. § 981 (a)(1)(C), 21 U.S.C. § 853(p), and Fed. R. Crim. P. 32.2, the Court should issue the attached proposed order, which provides for the entry of a forfeiture money judgment against the Defendant; the inclusion of the forfeiture as part of the Defendant's sentence and judgment in this case; and permission to conduct discovery to locate assets ordered forfeited.

## LOCAL RULE 88.9 CERTIFICATION

Pursuant to Local Rule 88.9, I, the undersigned counsel, hereby certify that I have conferred with defense counsel, Michael Brian Nadler, Esq., via e-mail and by phone on June 3, 2025, and there is no objection to the relief sought.

Respectfully submitted,

**HAYDEN P. O'BYRNE**
**UNITED STATES ATTORNEY**

By: *s/ Annika M. Miranda*
Annika M. Miranda
Assistant United States Attorney
Florida Bar No. 64975
99 N.E. 4th Street, 7th Floor
Miami FL, 33132-2111
Telephone: (305) 961-9303
E-mail: Annika.Miranda@usdoj.gov
*Counsel for the United States of America*